# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMBONET PADERNO INDUSTRIE, S.P.A., an Italian business entity; and ROSENTHAL SAMBONET USA LTD., a New York corporation, doing business as PADERNO WORLD CUISINE,<br><br>Plaintiffs,<br><br>vs.<br><br>SUR LA TABLE, INC., a Washington corporation; and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. CV14-09473-FMO (PJWx)<br><br>**PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

WHEREAS, each of the parties to the above-captioned action, Plaintiffs SAMBONET PADERNO INDUSTRIE, S.P.A. and ROSENTHAL SAMBONET USA LTD. (collectively, "Plaintiffs"), on the one hand, and Defendant SUR LA TABLE, INC. ("Defendant"), on the other hand, (inclusively, the "Parties"), may produce or seek discovery of documents, information, or other materials that may contain or relate to personal, confidential, proprietary, or trade secret information of another party or a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and respectfully request the court to enter the following Protective Order ("Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Protective Order alone does not entitle them to file confidential information under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information designated as "CONFIDENTIAL" (regardless of how it is generated, stored, or maintained) shall mean and include any document, thing, deposition testimony, interrogatory answers,

responses to requests for admissions and requests for production, disclosures pursuant to Federal Rule of Civil Procedure 26, or other information provided in discovery or settlement communications and negotiations in this Action, which contains information that is non-public, confidential, and/or proprietary, whether personal, such as information regarding employees' personal and employment information, or business related, such as information that constitutes, reflects, or concerns proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the person or party who claims a proprietary interest in the Discovery Material or the competitive position of the party making the confidentiality designation, including for example non-public customer lists and non-public contracts.  Certain limited types of "CONFIDENTIAL" information may be further designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.3   <u>Counsel</u>: Outside Counsel of Record (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures, in responses to discovery, or in deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, responses to discovery, or in deposition testimony in this matter.

2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party, (3) is not a current employee of a party's competitor, and (4) at

3
[PROPOSED] PROTECTIVE ORDER

the time of retention, is not anticipated to become an employee of a Party.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive CONFIDENTIAL Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means. This type of information and items include, for example, highly sensitive trade secret or financial information.

2.8 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other entity not named as a Party to this action.

2.9 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, and retained experts.

2.11 <u>Producing Party</u>: a Party or Non-Party that produces or provides Disclosure or Discovery Material in this action.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.  Notwithstanding the above, by stipulating to the entry of this Order, the Parties have not waived any right to designate documents and information previously filed under seal with the Court in this action as Protected Material under this Order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, counterclaims, and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

   5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second and third paragraphs of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

   (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

1 contains protected material. If only a portion or portions of the material on a page
2 qualifies for protection, the Producing Party also must clearly identify the protected
3 portion(s) (e.g., by making appropriate markings in the margins) and must specify,
4 for each portion, the level of protection being asserted.

5      A Party or Non-Party that makes original documents or materials available for
6 inspection need not designate them for protection until after the inspecting Party has
7 indicated which material it would like copied and produced. During the inspection
8 and before the designation, all of the material made available for inspection shall be
9 deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the
10 inspecting Party has identified the documents it wants copied and produced, the
11 Producing Party must determine which documents, or portions thereof, qualify for
12 protection under this Order. Then, before producing the specified documents, the
13 Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
14 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
15 contains Protected Material. If only a portion or portions of the material on a page
16 qualifies for protection, the Producing Party also must clearly identify the protected
17 portion(s) (e.g., by making appropriate markings in the margins) and must specify,
18 for each portion, the level of protection being asserted.

19      If a Party wishes to designate any information or documents produced or
20 disclosed by a Non-Party in this Action, the Party must do so within 10 days after
21 receipt of the information or documents from the Non-Party.

22         (b) <u>for testimony given in deposition or in other pretrial or trial
23 proceedings</u>, that the Designating Party identify on the record, before the close of the
24 deposition, hearing, or other proceeding, all protected testimony and specify the level
25 of protection being asserted. When it is impractical to identify separately each
26 portion of testimony that is entitled to protection or it appears that substantial
27 portions of the testimony may qualify for protection, the Designating Party may
28

7
[PROPOSED] PROTECTIVE ORDER

1  invoke on the record (before the deposition, hearing, or other proceeding is
2  concluded) a right to have up to 14 days from the date the deposition transcript is
3  received by counsel for the Designating Party to identify the specific portions of the
4  testimony as to which protection is sought and to specify the level of protection
5  being asserted. Only those portions of the testimony that are appropriately designated
6  for protection within the 14 days from the date the deposition transcript is received
7  by counsel for the Designating Party shall be covered by the provisions of this
8  Protective Order. Alternatively, a Designating Party may specify, at the deposition or
9  up to 14 days from the date the deposition transcript is received by counsel for the
10 Designating Party if that period is properly invoked, that the entire transcript shall be
11 treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
12 EYES ONLY."

13 Parties shall give the other parties notice if they reasonably expect a
14 deposition, hearing or other proceeding to include Protected Material so that the
15 other parties can ensure that only individuals authorized under this Protective Order,
16 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)
17 are present at those proceedings. To the extent testimony at a depostion includes
18 CONFIDENTIAL or HIGHLY-CONFIDENTIAL information or material, the
19 disclosing party shall have the right to exclude from attendance at the deposition,
20 during such time that such CONFIDENTIAL or HIGHLY-CONFIDENTIAL
21 information and material is to be disclosed, any person not authorized to have access
22 to such information or material pursuant to the terms of this Protective Order. The
23 use of a document as an exhibit at a deposition shall not in any way affect its
24 designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
25 ATTORNEYS' EYES ONLY."

26 Transcripts containing Protected Material shall have an obvious legend on the
27 title page that the transcript contains Protected Material, and the title page shall be
28

followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 14-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party and/or Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party and/or Designating Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

  6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith. The parties must comply with Central District of California Local Rules 37-1 through 37-4, including the meet and confer requirements contained therein.

  6.3 <u>Judicial Intervention</u>. If the challenge cannot be resolved without court intervention, the Challenging Party may file and serve a motion to challenging a confidentiality designation and must comply with Central District of California Local Rules 37-1 through 37-4.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. If the Challenging Party supports its challenge of the Producing Party's or Designating Party's designation of documents with an argument that would apply equally to the manner in which the Challenging Party designated its own documents, such challenge may be deemed frivolous.  The material in question shall continue to have the same the level of protection to which it is entitled under the Producing Party's or Designating Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

  7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

1  disclosed or produced by another Party or by a Non-Party in connection with this
2  case only for prosecuting, defending, or attempting to settle this litigation. Such
3  Protected Material may be disclosed only to the categories of persons and under the
4  conditions described in this Order. When the litigation has been terminated, a
5  Receiving Party must comply with the provisions of Paragraph 13 below (FINAL
6  DISPOSITION).

7      Protected Material must be stored and maintained by a Receiving Party at a
8  location and in a secure manner that ensures that access is limited to the persons
9  authorized under this Order.

10      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless
11  otherwise ordered by the court or permitted in writing by the Designating Party, a
12  Receiving Party may disclose any information or item designated
13  "CONFIDENTIAL" only to:

14      (a) the Receiving Party's Outside Counsel of Record in this action, as
15  well as employees of said Outside Counsel of Record;

16      (b) the officers, directors, and employees of the Receiving Party to
17  whom disclosure is reasonably necessary for this litigation and who have signed the
18  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19      (c) Experts (as defined in this Order) of the Receiving Party to whom
20  disclosure is reasonably necessary for this litigation and who have signed the
21  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22      (d) the court and its personnel;

23      (e) court reporters and their staff, professional jury or trial consultants,
24  and Professional Vendors to whom disclosure is reasonably necessary for this
25  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
26  (Exhibit A);

27      (f) during their depositions, witnesses in the action to whom disclosure
28

11
[PROPOSED] PROTECTIVE ORDER

is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including if such author or recipient is a deponent, even if such deponent does not sign Exhibit A.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts (as defined by this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

(Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, including if such author or recipient is a deponent, even if such deponent does not sign Exhibit A.

8. <u>PROTECTED MATERIAL SUBPOENAED, REQUESTED TO BE PRODUCED, OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, a discovery request, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, discovery request, or court order;

(b) promptly notify in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the subpoena, discovery request, or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order or files a motion to quash or any other applicable motion seeking non-disclosure of the Protected Material, the Party served with the subpoena, discovery request, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court in the action in which the discovery request was served or from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in

these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena or directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) Subject to applicable contractual provisions, if the Non-Party fails to object or seek a protective order or file a motion to quash from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order or files a motion to quash, the Receiving Party shall not produce any information in its possession or control

that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material. Nothing in this provision shall prohibit a party from seeking a court order to enable it to produce a Non-Party's confidential information in order to confirm it is not breaching a contract.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in a stipulation submitted to the court.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

person to seek its modification by the court in the future.

  12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

  12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable Local Rules for the Central District of California. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

  12.4 <u>Court and Court Personnel</u>. The Court and its personnel are not subject to this Order and are not required to sign Exhibit A.

13. <u>FINAL DISPOSITION</u>

  Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4. The Parties acknowledge that electronic discovery makes it difficult to keep track of all discovery and therefore agree to use their best efforts to ensure compliance with the letter and spirit of this provision.

IT IS SO ORDERED.

DATED: July 22, 2015

*/s/ Patrick J. Walsh*
Honorable Patrick J. Walsh
United States Magistrate Judge

EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of SAMBONET PADERNO INDUSTRIE, S.P.A., an Italian business entity; and ROSENTHAL SAMBONET USA LTD., a New York corporation, doing business as PADERNO WORLD CUISINE vs. SUR LA TABLE, INC., a Washington corporation; and Does 1 through 10, inclusive, Case No. CV14-09473-FMO (RZx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____ City and State where sworn and signed: _____

Printed name: _____

Signature: _____